UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | On Appeal from the United States |
| DEBRA DOUGLAS HARDIN, | ) | Bankruptcy Court for the Northern |
| | ) | District of Illinois, Chapter 7, |
| Debtor. | ) | Case. No. 16–23443 |
| | ) | |
| | ) | |
| KENNETH THOMPSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | No. 1:17 C 01191 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| PATRICK S. LAYNG, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Presently before us is the motion of Appellee Patrick S. Layng, United States Trustee for Region 11 ("Trustee"), to dismiss Appellant Kenneth Thompson's pro se bankruptcy appeal. (Dkt. No. 5.) Also pending is Thompson's motion for enlargement of time to file a notice of appeal instanter. (Dkt. No. 8.) The Trustee argues that Thompson's appeal should be dismissed and his motion should be denied because his notice of appeal was untimely filed under 28 U.S.C. § 158(c)(2), and we lack jurisdiction to grant Thompson the relief he seeks. For the following reasons, we grant the Trustee's motion, deny Thompson's motion, and dismiss the appeal.

**BACKGROUND**

On July 21, 2016, Debra Douglas Hardin filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (*See* Bankr. Case No. 16–23443 (Bankr. Dkt. No. 1).) Her

petition disclosed the assistance of a non-attorney petition preparer, Kenneth Thompson. (Bankr. Dkt. Nos. 1, 7–8.) The Trustee later filed a motion alleging Thompson violated 11 U.S.C. § 110, which provides penalties for persons who negligently or fraudulently prepare bankruptcy petitions. (Bankr. Dkt. No. 34.) Following an evidentiary hearing on January 17, 2017, the Bankruptcy Court granted the Trustee's motion in part. (Bankr. Dkt. No. 45.) The Court found Thompson violated 11 U.S.C. §§ 110(e)(2) and (h)(3), and entered an order requiring Thompson to refund $600 to Hardin pursuant to § 110(i)(b)(2). (*Id.*) Thompson was ordered to pay Hardin on or before February 17, 2017 and to provide proof to the Court of payment at a status hearing to be held on March 1, 2017. (*Id.*)

On February 15, 2017, Thompson filed a notice of appeal of the Bankruptcy Court's January 17, 2017 order imposing penalties. (Bankr. Dkt. No. 47.) The Trustee moved to dismiss the appeal for lack of jurisdiction, arguing Thompson's notice was untimely filed under 28 U.S.C. § 158(c)(2). (Dkt. No. 5.) In response to the Trustee's motion, Thompson sought leave to enlarge the time to file his notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 9006(b), and argued the Trustee's motion to dismiss should be denied. (Dkt. No. 8.) The Trustee contends we lack jurisdiction under § 158(c)(2) and Rules 8002(a), 8002(d)(1), and 9006(b)(3) to grant Thompson relief.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. *In re Sobczak–Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016). Bankruptcy appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy rules." 28 U.S.C. § 158(c)(2). With certain

exceptions not relevant here, Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that a notice of appeal must be filed within 14 days of the date of entry of the judgment or order being appealed. "[T]he 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional." *In re Sobczak–Slomczewski*, 826 F.3d at 432.

## ANALYSIS

Thompson appeals the Bankruptcy Court's January 17, 2017 order imposing penalties. Thompson's notice of appeal was filed on February 15, 2017, well past the 14-day deadline imposed by Rule 8002(a)(1). The bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: "(A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). However, Thompson also failed to timely seek leave from the bankruptcy court under Rule 8002(d)(1) to extend the time to appeal. There are no equitable exceptions to a jurisdictional requirement. *In re Sobczak–Slomczewski*, 826 F.3d at 432 (citing *Bowles v. Russell*, 551 U.S. 205, 208–13, 127 S. Ct. 2360, 2363–65 (2007)). Likewise, we "lack an 'equitable' power to contradict the bankruptcy statutes and rules." *Netzer v. Office of Lawyer Regulation*, ––– F.3d –––, 2017 WL 961740, at *2 (7th Cir. Mar. 13, 2017) (citing *Law v. Siegel*, ––– U.S. –––, 134 S. Ct. 1188 (2014); *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004)). Because Thompson failed to timely file a notice appeal or seek additional time from the bankruptcy court, we are without jurisdiction to hear his appeal or his request for an extension of time. *Id.*

Thompson nevertheless argues that Rule 9006(b) saves his appeal. Rule 9006(b)(1) provides for an enlargement of time under certain circumstances "except as provided in paragraphs (2) and (3) of this subdivision." In turn, Rule 9006(b)(3) states that a court may

3

enlarge the time for taking action under certain enumerated rules, including Rule 8002, "only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3). Therefore, we have no authority under Rule 9006(b) to grant an extension of time to file a notice of appeal that is otherwise untimely under Rule 8002. Thompson's appeal is untimely under Rule 8002, and Rule 9006(b) therefore cannot serve as a vehicle to revive it.

## CONCLUSION

For the foregoing reasons, we lack jurisdiction to hear Thompson's bankruptcy appeal. Accordingly, the Trustee's motion to dismiss is granted, with prejudice. (Dkt. No. 5.) Thompson's motion for extension of time is denied as moot. (Dkt. No. 8.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 3, 2017
Chicago, Illinois

4